UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
:
THE ESTATE OF LORETTE JOLLES SHEFNER       :      08 CIV 4443 (LTS) (DFE)
by and through its executors Mr. Barry Shefner, Ms. :
Ariela Braun, and Mr. Leon Miller,          :
                                            :
                            Plaintiff,      :
                                            :      **ANSWER OF**
        — against—                          :      **DEFENDANTS**
                                            :      **MAURICE TUCHMAN**
                                            :      **AND ESTI DUNOW**
MAURICE TUCHMAN, ESTI DUNOW, the            :
GALERIE CAZEAU-BÉRAUDIÈRE, the              :
NATIONAL GALLERY OF ART, LONTREL            :
TRADING, and JOHN DOES 1-10,                :
                                            :
                            Defendants.     :
                                            :
------------------------------------------------------------------------ x

Defendants Maurice Tuchman ("Tuchman") and Esti Dunow ("Dunow"), by their attorney, Georges G. Lederman, Esq., do hereby answer the complaint, dated May 12, 2008 (the "Complaint"), of Plaintiff The Estate of Lorette Jolles Shefner ("Plaintiff") in the above-captioned action as follows:

### AS TO INTRODUCTORY PARAGRAPHS 1-111

1.      Deny the allegations contained in paragraph "1" of the Complaint.

2.      Deny the allegations contained in paragraph "2" of the Complaint.

3.      Deny the allegations contained in paragraph "3" of the Complaint but admit that Tuchman and Dunow each received a commission stemming from the sale of the painting by the artist Chaim Soutine ("Soutine") entitled *Piece of Beef* (the "Painting") when co-defendant

Galerie Cazeau-Béraudière ("Cazeau-Béraudière") sold the Painting to co-defendant the National Gallery of Art ("NGA").

4. Deny the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Deny the allegations contained in paragraph "6" of the Complaint.

7. Deny the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint.

9. Defer all questions of law contained in paragraph "9" of the Complaint to the Court.

10. Defer all questions of law contained in paragraph "10" of the Complaint to the Court.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint, but Tuchman admits that he (i) is an advisor, scholar and author who resides at 200 East 69th Street, Apt. 17B, New York, New York 10021, (ii) holds himself out as an expert on the works of Soutine as to questions of authenticity, and (iii) derives an income from his expertise on Soutine.

15. Deny the allegations contained in paragraph "15" of the Complaint, but Dunow admits that she (i) is an advisor, scholar and author who resides at 209 West 86th Street, New York, New York 10024, (ii) has authored several books on Soutine together with Tuchman, and (iii) derives an income from her expertise on the works of Soutine as to questions of authenticity.

16. Deny the allegations contained in paragraph "16" of the Complaint but admit that they are among the foremost authorities concerning questions of authenticity as to the works of Soutine.

17. Deny the allegations contained in paragraph "17" of the Complaint but admit that a *catalogue raisonné* is (i) a state-of-the-art compilation of all known and examined works of an artist, and (ii) considered the most reliable source of information concerning authenticity of a work; and Tuchman and Dunow further admit that if a work purports to be from a certain artist but is not listed in the *catalogue raisonné*, then, absent other proof as to authenticity, the work may not be considered authentic.

18. Deny the allegations contained in paragraph "18" of the Complaint but admit that authors of a *catalogue raisonné* are often considered to be the foremost authorities concerning questions of authenticity and that others rely upon their opinions concerning questions of authenticity.

19. Deny the allegations contained in paragraph "19" of the Complaint but admit that the Tuchman/Dunow *catalogue raisonné* is the only one that is currently considered authoritative by their peers.

20. Deny the allegations contained in paragraph "20" of the Complaint but admit that for a buyer to have reasonable assurance concerning authenticity of the work the buyer is

considering purchasing, the buyer (or its agents) must generally consult an authoritative authenticity source, such as a *catalogue raisonné* author.

21.     Deny the allegations contained in paragraph "21" of the Complaint.

22.     Deny the allegations contained in paragraph "22" of the Complaint but admit that they are among the foremost authorities concerning questions of authenticity as to the works of Soutine.

23.     Deny the allegations contained in paragraph "23" of the Complaint.

24.     Defer all questions of law contained in paragraph "24" of the Complaint to the Court and deny the allegations as to Tuchman and Dunow contained in paragraph "24" of the Complaint.

25.     Deny the allegations contained in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "27" of the Complaint that Cazeau-Béraudière is a French entity. Tuchman and Dunow deny the remaining allegations contained in paragraph "27" of the Complaint but admit that Cazeau-Béraudière regularly does business in New York City and that its principals travel to New York to conduct business.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33.    Admit the allegations contained in paragraph "33" of the Complaint.

34.    Admit the allegations contained in paragraph "34" of the Complaint.

35.    Deny the allegations contained in paragraph "35" of the Complaint.

36.    Deny the allegations contained in paragraph "36" of the Complaint.

37.    Deny the allegations contained in paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "38" of the Complaint as to Ms. Lorette Jolles Shefner ("Jolles Shefner") and deny the allegations contained in paragraph "38" of the Complaint as to Tuchman and Dunow.

39.    Deny the allegations contained in paragraph "39" of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "41" of the Complaint as to Jolles Shefner and deny the allegations contained in paragraph "41" of the Complaint as to Tuchman and Dunow.

42.    Deny the allegations contained in paragraph "42" of the Complaint.

43.    Deny the allegations contained in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint.

46. Deny the allegations contained in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint.

48. Admit the allegations contained in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint as to Ms. Ariela Braun ("Braun") but admit that Tuchman and Dunow signed a copy of their *Catalogue Raisonné* for Jolles Shefner.

51. Deny the allegations contained in paragraph "51" of the Complaint.

52. Deny the allegations contained in paragraph "52" of the Complaint.

53. Admit the allegations contained in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "54" of the Complaint as to Jolles Shefner and deny the allegations contained in paragraph "54" of the Complaint as to Tuchman and Dunow.

55. Deny the allegations contained in paragraph "55" of the Complaint.

56. Deny the allegations contained in paragraph "56" of the Complaint.

57. Deny the allegations contained in paragraph "57" of the Complaint.

58. Deny the allegations contained in paragraph "58" of the Complaint.

59.     Deny the allegations contained in paragraph "59" of the Complaint but admit that they are among the foremost authorities concerning questions of authenticity as to the works of Soutine.

60.     Deny the allegations contained in paragraph "60" of the Complaint.

61.     Deny the allegations contained in paragraph "61" of the Complaint.

62.     Deny the allegations contained in paragraph "62" of the Complaint.

63.     Deny the allegations contained in paragraph "63" of the Complaint.

64.     Deny the allegations contained in paragraph "64" of the Complaint.

65.     Deny the allegations contained in paragraph "65" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint.

67.     Deny the allegations contained in paragraph "67" of the Complaint.

68.     Deny the allegations contained in paragraph "68" of the Complaint.

69.     Deny the allegations contained in paragraph "69" of the Complaint but admit that they are among the foremost authorities concerning questions of authenticity as to the works of Soutine.

70.     Deny the allegations contained in paragraph "70" of the Complaint.

71.     Deny the allegations contained in paragraph "71" of the Complaint but admit that they are among the foremost authorities concerning questions of authenticity as to the works of Soutine.

72.     Deny the allegations contained in paragraph "72" of the Complaint.

73.     Deny the allegations contained in paragraph "73" of the Complaint.

74. Deny the allegations contained in paragraph "74" of the Complaint but admit that Dunow informed Braun that Soutine's portraits were his most popular works.

75. Deny the allegations contained in paragraph "75" of the Complaint but admit that Soutine's *beef* paintings are recognizable, iconic and popular works.

76. Deny the allegations contained in paragraph "76" of the Complaint but admit that (i) a photograph on the cover of Tuchman and Dunow's 2001 book, *The Impact of Soutine*, is that of the Painting; (ii) at no time before the publication of *The Impact of Soutine* did either Tuchman or Dunow approach Jolles Shefner for permission to use this photograph for the cover of their book; (iii) they did not disclose to Jolles Shefner that they did so after the book had been published; and (iv) they did not disclose that they had authored *The Impact of Soutine* and had used a photograph of the Painting prior to or after the sale of the Painting.  Tuchman and Dunow deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "76" of the Complaint that the photograph that had been used was the color transparency that had been provided to Dunow in the late 1980s.

77. Deny the allegations contained in paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Complaint.

79. Deny the allegations contained in paragraph "79" of the Complaint but admit that Dunow had had further contact with Jolles Shefner and/or Braun in late March/early April 2004 to discuss the sale of the Painting.

80. Deny the allegations contained in paragraph "80" of the Complaint.

81. Deny the allegations contained in paragraph "81" of the Complaint.

82. Deny the allegations contained in paragraph "82" of the Complaint but admit that they sent a letter, dated April 23, 2004, to Braun extending an offer by a third party for the Painting in the amount of $1 million (USD).

83. Deny the allegations contained in paragraph "83" of the Complaint.

84. Deny the allegations contained in paragraph "84" of the Complaint.

85. Deny the allegations contained in paragraph "85" of the Complaint.

86. Deny the allegations contained in paragraph "86" of the Complaint.

87. Deny the allegations contained in paragraph "87" of the Complaint.

88. Deny the allegations contained in paragraph "88" of the Complaint.

89. Deny the allegations contained in paragraph "89" of the Complaint.

90. Deny the allegations contained in paragraph "90" of the Complaint.

91. Deny the allegations contained in paragraph "91" of the Complaint.

92. Deny the allegations contained in paragraph "92" of the Complaint but admit that they arranged for the Painting to be shipped to the Hôtel Plaza Athénée in New York City.

93. Deny the allegations contained in paragraph "93" of the Complaint but admit that (i) when the Painting was shipped to the Hôtel Plaza Athénée, it was shipped, insured and received by the shipping company retained or engaged by Cazeau-Béraudière; and (ii) they did not disclose to Jolles Shefner that Cazeau-Béraudière would be involved in the purchase of the Painting in any manner.

94. Admit the allegations contained in paragraph "94" of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "95" of the Complaint as to Mr. Barry Shefner ("Barry

Shefner") but admit that they understood that Barry Shefner was acting as an intermediary for Jolles Shefner in the sale of the Painting.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint.

97. Deny the allegations contained in paragraph "97" of the Complaint.

98. Deny the allegations contained in paragraph "98" of the Complaint but admit that Tuchman and Dunow did not disclose the involvement of Cazeau-Béraudière in the purchase of the Painting.

99. Deny the allegations contained in paragraph "99" of the Complaint but admit that a wire transfer in the amount of $1 million was made into Jolles Shefner's bank account.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Complaint.

102. Deny the allegations contained in paragraph "102" of the Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Complaint.

105. Admit that they each received a commission stemming from the sale of the Painting by Cazeau-Béraudière to the NGA.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "107" of the Complaint.

108. Deny the allegations contained in paragraph "108" of the Complaint.

109. Deny the allegations contained in paragraph "109" of the Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110" of the Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "111" of the Complaint.

## COUNT I

### FRAUD
(against Tuchman and Dunow, the Cazeau-Béraudière, Lontrel Trading and John Does 1-10)

112. Answering paragraph "112" of the Complaint, Tuchman and Dunow repeat, reiterate and reallege each and every admission and denial set forth in paragraphs 1 through 111 of this Answer with the same force and effect as if herein set forth in full.

113. Deny the allegations contained in paragraph "113" of the Complaint.

114. Deny the allegations contained in paragraph "114" of the Complaint.

115. Deny the allegations contained in paragraph "115" of the Complaint.

116. Deny the allegations contained in paragraph "116" of the Complaint.

117. Deny the allegations contained in paragraph "117" of the Complaint but admit that they are among the foremost authorities concerning questions of authenticity as to the works of Soutine.

118. Deny the allegations contained in paragraph "118" of the Complaint.

119. Deny the allegations contained in paragraph "119" of the Complaint.

120.   Deny the allegations contained in paragraph "120" of the Complaint.

## CIVIL CONSPIRACY

121.   Deny the allegations contained in paragraph "121" of the Complaint.

122.   Deny the allegations contained in paragraph "122" of the Complaint.

123.   Deny the allegations contained in paragraph "123" of the Complaint.

124.   Deny the allegations contained in paragraph "124" of the Complaint.

125.   Deny the allegations contained in paragraph "125" of the Complaint.

126.   Deny the allegations contained in paragraph "126" of the Complaint.

127.   Deny the allegations contained in paragraph "127" of the Complaint.

## COUNT II

### UNJUST ENRICHMENT
### (against the Defendants)

128.   Answering paragraph "128" of the Complaint, Tuchman and Dunow repeat, reiterate and reallege each and every admission and denial set forth in paragraphs 1 through 127 of this Answer with the same force and effect as if herein set forth in full.

129.   Deny the allegations contained in paragraph "129" of the Complaint.

130.   Deny the allegations contained in paragraph "130" of the Complaint but admit that they each received a commission stemming from the sale of the Painting by Cazeau-Béraudière to the NGA.

131.   Deny the allegations contained in paragraph "131" of the Complaint.

132.   Deny the allegations contained in paragraph "132" of the Complaint.

133.   Deny the allegations contained in paragraph "133" of the Complaint.

134.   Deny the allegation contained in paragraph "134" of the Complaint.

135. Deny the allegations contained in paragraph "135" of the Complaint.

136. Deny the allegation contained in paragraph "136" of the Complaint.

137. Deny the allegations contained in paragraph "137" of the Complaint.

## COUNT III

### DECLARATORY JUDGMENT
### (against the Defendants)

138. Answering paragraph "138" of the Complaint, Tuchman and Dunow repeat, reiterate and reallege each and every admission and denial set forth in paragraphs 1 through 137 of this Answer with the same force and effect as if herein set forth in full.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "139" of the Complaint as to the NGA but admit the allegations contained in paragraph "139" of the Complaint as to Tuchman and Dunow.

140. Defer all questions of law contained in paragraph "140" of the Complaint to the Court.

141. Deny the allegations contained in paragraph "141" of the Complaint.

142. Deny the allegations contained in paragraph "142" of the Complaint.

143. Deny the allegations contained in paragraph "143" of the Complaint.

144. Deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "144" of the Complaint.

145. Deny the allegations contained in paragraph "145" of the Complaint.

146. Deny the allegations contained in paragraph "146" of the Complaint.

## COUNT IV

### REPLEVIN
### (against the NGA)

147. Answering paragraph "147" of the Complaint, Tuchman and Dunow repeat, reiterate and reallege each and every admission and denial set forth in paragraphs 1 through 146 of this Answer with the same force and effect as if herein set forth in full.

148. Deny the allegations contained in paragraph "148" of the Complaint.

149. Deny the allegations contained in paragraph "149" of the Complaint.

150. Deny the allegations contained in paragraph "150" of the Complaint.

151. Deny the allegations contained in paragraph "151" of the Complaint.

152. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "152" of the Complaint.

153. Deny the allegation contained in paragraph "153" of the Complaint.

## COUNT IV

### RESCISSION
### (against Lontrel Trading)

154. Answering paragraph "154" of the Complaint, Tuchman and Dunow repeat, reiterate and reallege each and every admission and denial set forth in paragraphs 1 through 153 of this Answer with the same force and effect as if herein set forth in full.

155. Deny the allegation contained in paragraph "155" of the Complaint.

156. Deny the allegation contained in paragraph "156" of the Complaint.

157. Deny the allegations contained in paragraph "157" of the Complaint.

158. Deny the allegation contained in paragraph "158" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

159. The Complaint fails to state facts sufficient to constitute any cause of action against Tuchman or Dunow.

### SECOND AFFIRMATIVE DEFENSE

160. Plaintiff is precluded from obtaining the relief it seeks because it has not suffered any damages.

### THIRD AFFIRMATIVE DEFENSE

161. Plaintiff's claims are barred, in whole or in part, because the causes of action in the Complaint have been asserted in bad faith.

### FOURTH AFFIRMATIVE DEFENSE

162. Plaintiff's claims are barred, in whole or in part, because any damages that Plaintiff may have sustained, which are expressly denied, were not directly, indirectly, proximately, in fact or otherwise caused by any conduct, act, statement or omission by either Tuchman or Dunow.

### FIFTH AFFIRMATIVE DEFENSE

163. Plaintiff's claims based on civil conspiracy are barred, because any damages that Plaintiff may have sustained, which are expressly denied, were not caused by any conduct, act,

statement or omission by Tuchman and/or Dunow made in combination with any other co-defendant.

### SIXTH AFFIRMATIVE DEFENSE

164. Plaintiff cannot maintain an action for fraud where the circumstances constituting the wrong have not been pleaded with sufficient particularity as required pursuant to Federal Rules of Civil Procedure Rule 9(b).

### SEVENTH AFFIRMATIVE DEFENSE

165. Whatever damages Plaintiff may have sustained, which are expressly denied, were caused by or contributed to as a result of the knowing and assenting conduct of its own executors. Tuchman and Dunow therefore are not liable to Plaintiff or, alternatively, are only partially liable in relative proportion to the knowing and assenting conduct of Plaintiff's executors.

### PRAYER FOR RELIEF

WHEREFORE, defendants Tuchman and Dunow pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by virtue of its Complaint and be granted neither legal nor equitable relief;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That defendants Tuchman and Dunow be awarded their costs in this Action; and

4.	That the Court award defendants Tuchman and Dunow such other and further relief as it may deem just and proper.


Dated:  New York, New York
        June 13, 2008


                                                Georges G. Lederman  Attorney at Law


                                                _____S/_____
                                                Georges G. Lederman (GL5051)

                                                *Office and Post Office Address*
                                                52 Duane Street, 7th Floor
                                                New York, NY 10007
                                                Telephone:  (212) 374-9160
                                                Facsimile:  (212) 732-6323
                                                E-mail:  ggl@lederman-law.com

                                                *Attorney for defendants MAURICE*
                                                *TUCHMAN and ESTI DUNOW*